# STATE OF VERMONT

# ENVIRONMENTAL COURT

Appeals of National Realty & } 
Development Corp. } Docket Nos. 22-2-03 Vtec,
} 61-4-03 Vtec, 68-5-03 Vtec
} and 114-7-03 Vtec
}

## Decision and Order re: Motion to Dismiss for Lack of Standing

Appellant National Realty and Development Corporation appealed from two decisions of the Zoning Board of Adjustment and two decisions of the Planning Commission of the Town of Derby, all relating to a proposal by Omer Choquette, Doug Nelson, and Derby Properties, LLC, to construct a Price Chopper supermarket and four attached retail stores off Route 5 between Quarry Road and Shattuck Hill Road. Appellant is represented by Duncan Frey Kilmartin, Esq.; Appellee-Applicants Omer Choquette, Doug Nelson, and Derby Properties, LLC are represented by Alan B. George, Esq.; the Town of Derby is represented by William B. Davies, Esq.

Appellee-Applicants have moved to dismiss this appeal, arguing that Appellant lacks standing to appeal under 24 V.S.A. § 4464(b)(3)[1]. Appellee-Applicant's property is located on Route 5 between Quarry Road and Shattuck Hill Road. Appellant occupies property just under a quarter of a mile east of Appellee-Applicant's property, also on Route 5. Five curb cuts serving commercial properties are located between Appellant's property and Quarry Road.

Both parties improperly conflate the two requirements for standing of 24 V.S.A. § 4464(b)(3), as well as the substantive requirements of the Town of Derby's ordinances applicable to this project.

To have standing to appeal under § 4464(b)(3), a party must meet only the following two requirements: that the party own or occupy property 'in the immediate neighborhood' of the proposed project, and that the party allege that if the decision on appeal is upheld, it 'will not be in accord with the policies, purposes or terms of the plan or bylaw of the municipality.' In the present case Appellant has met the second requirement of § 4464(b)(3)[2]. The only issue in the motion to dismiss is whether Appellant has met the first requirement; that is, whether the property owned or occupied by Appellant is "in the immediate neighborhood" of the project.

There is no specific physical radius or distance, either as the crow flies or along the roadways, for determining whether an appellant's property is 'in the immediate neighborhood' of a project. No such specific distance is provided in the statute, and it makes sense that differences in topography or the configuration of the nearby road network could under some circumstances insulate the one from the other, or relate the one to the other. Rather, to determine whether a putative appellant is 'in the immediate neighborhood' under § 4464(b)(3), we look to the physical proximity of the two properties, and examine other factors as well.

In Appeal of Brodhead, Docket No. E95-057 (Vt. Envtl. Ct., August 3, 1995), the Court ruled that:

[t]he only sensible way of interpreting " immediate neighborhood" is to examine if [the appellant] would be potentially affected by any of the aspects of the project which the zoning laws regulate. To interpret the phrase otherwise would be to destroy the statutory distinction between individual standing for persons owning or occupying property in the immediate neighborhood, but only group standing for ten or more residents of the municipality who do not otherwise qualify as being in the immediate neighborhood. 24 V.S.A. § 4464(b)(4). We must determine whether Appellant is threatened by some harm from the decision on appeal and is within the " zone of interests" protected by the Town' s zoning ordinance.

The appellant who was denied party status in Brodhead owned a home and a competing kennel business approximately 1½ miles along the road from the proposed use; the two properties were located .7 of a mile apart, across country. That appellant, however, did not assert that she would be affected by the project in any way other than as a resident of the same town or as a competitor in a similar business. Applying the same test in Appeals of Hoisington & Gladstone, Docket Nos. 177-9-99 Vtec, 189-10-99 Vtec and 190-10-99 Vtec (Vt. Envtl. Ct., November 29, 1999), the appellants were found to have standing to bring the appeal, because both their properties were potentially affected by the traffic to be generated from the proposed project. In those cases, the Court then went on to hold a hearing on the merits of the proposal and to determine from the evidence what the traffic impacts of the proposed project would be and whether the project met the criteria of the zoning and subdivision ordinances.

In the present case, we examine whether Appellant' s property could be affected by any of the aspects of the proposed project which are regulated by the Derby zoning ordinance. Appellant' s property is located a quarter mile east on Route 5. Even according to the affidavit of Appellee-Applicants' traffic consultant, Appellee-Applicants' project will have some effects on the traffic on Route 5, and could potentially affect the use of the roads by Appellant and/or its customers or employees. The question of whether the proposal' s effects on Route 5 are adverse or unduly adverse, or meet or fail to meet the standards of the applicable sections of the ordinance are for the merits of these proceedings, and not for the determination of Appellant' s standing.

Appellant therefore has standing to bring these appeals, and to present evidence in support of its position at the hearing on the merits. That hearing remains scheduled for August 13 and 14, 2003. Based on the foregoing analysis, Appellee-Applicants' Motion to Dismiss for lack of standing is DENIED.

Done at Barre, Vermont, this 25th day of July, 2003.

_____
Merideth Wright
Environmental Judge

## Footnotes

1.  Appellant cannot assert standing under 24 V.S.A. §4464(b)(4), as that section requires a group of ten or more property owners.

2.  We note that Appellant is quite correct that under this second prong of the standing test it does not need to show any particular effect of the proposed project on its own property. Rather, as discussed below, the potential for Appellant to be affected in some way by the project is only pertinent to the question of whether Appellant is "in the immediate neighborhood."